UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JOHN COLE FOX

                Plaintiff                Civil Action No._____

v.

OFFICER MICHAEL SELLNER,

And OFFICER RYAN GEORGE, IN THEIR INDIVIDUAL

AND OFFICIAL CAPACITIES AS OFFICERS OF THE

WHITE BEAR LAKE POLICE DEPARTMENT, THE WHITE BEAR LAKE

POLICE DEPARTMENT, AND THE CITY OF WHITE BEAR

LAKE,

                Defendants

---

For his complaint against each of the defendants, John Cole Fox ("Fox") states and alleges as follows:

INTRODUCTION

1.      This is an action for money damages for injuries sustained by John Cole Fox ("Fox") as the result of the excessive use of force, the knowing and willful violation of his Constitutional right of due process of law guaranteed by the Fifth Amendment, and violation of his Fourth Amendment rights, by Defendants in their official and individual capacities as White Bear Lake Police Officers.  The Defendants White Bear Lake Police Department and White Bear Lake City of White Bear Lake are sued to the extent their training on these matters is negligent, specifically to the extent the individual defendants rely upon their training as a defense to any of the allegations herein.

2.      Defendants' conduct violated Fox's constitutionally established civil rights while acting under color of state law.  Defendants' conduct also violated the state laws of Minnesota.

**JURISDICTION AND VENUE**

3.      The Court possesses jurisdiction over this action pursuant to 42 U.S.C.  §§1983 and 1988, the Fourth and Fifth Amendments to the United States Constitution, and 28 U.S.C. §§1331 and 1343(3).  The Court possesses supplemental jurisdiction over the state law claims.

4.      Venue is proper because the conduct giving rise to the causes of action arose in Ramsey County, Minnesota, the Governmental entities are situated in part in Ramsey County, Minnesota, and one or more of the individual defendants reside in Ramsey County, Minnesota.

**PARTIES**

5.     Plaintiff John Cole Fox ("Fox") is a natural person, citizen of the United States, and resident of the State of Minnesota.  At the time relevant to the actions complained of, he was 19 years of age.

6.     Defendant Michael Sellner ("Sellner") was at all relevant times was an officer of the White Bear Lake Police Department.

7.     Defendant Ryan George {"George") was at all relevant times was an officer of the White Bear Lake Police Department.

8.     Defendant City of White Bear Lake is a municipality within the State of Minnesota.

9.     Defendant White Bear Police Department is a Department within White Bear Township.

**FACTUAL ALLEGATIONS**

10.     Just after midnight on June 24, 2013, Fox was standing outside a vehicle with three friends.  Fox was only 19 years old and had been drinking.  Underage drinking in Minnesota is classified as Petty Misdemeanor.  It is not a criminal offense punishable by jail time.

11.     Fox was approached by Defendant Sellner.  Officer George was approaching the vehicle from a different angle.  Scared, Fox attempted to run from Officer Sellner.  Officer George blocked Fox's path and threw him to the ground where he sustained injuries.  Fox suffered lacerations on his head and his body.  During the assault on Fox, the Officers repeatedly scream expletives while standing around him which are caught on the squad video.  Again, Officers

would not have reasonably believed Fox had committed any serious crime, and no crime other than the running from the Officers.

12.     During the assault on Fox, as Fox was attempting to escape the assault, Officer Sellner tasered Fox in the back.  Fox fail to the ground.  The officers then tackled Fox.

13.     After Fox had already been tackled forcefully to the ground and subdued, Fox was spasming and could not scream due to the shock.

14.     After the initial tasering, and while Fox was still facing the ground being held by Officer George, Officer Sellner tasered him again.  According to the police reports filed by Officer Sellner, this tasering was based upon orders of Officer George.

15.     Fox, unarmed, terrified at this point after having been assaulted both physically and verbally by men substantially larger than him, (Fox is of slight build), was only 19 at the time, and weighed only 150 pounds) and now having been tasered twice, again attempted to flee from the ongoing assault now being conducted with painful, and dangerous weapons.

16.     Officer Sellner then used yet another cartridge and tasered Fox in the back a THIRD time.

17.     Fox was now suffering head lacerations, cuts and scrapes, had been assaulted by the Officers with potentially deadly force, and was now missing his shoes and pants.

18.     Since the assault, Fox has suffered anxiety, depressions, has been diagnosed with Post Traumatic Stress Disorder, and has experienced deep psychological trauma, largely because people he believed should be worthy of the public trust violated that trust, used ridiculously

excessive force on him, inflicted pain and trauma upon him without any reasonable justifiable cause and violated his constitutional rights to be secure in his own person.

19. In an effort to make their actions appear reasonable after the fact, and upon information and belief, in an effort to secure a conviction at all costs, the officers falsified their police reports and/or willfully and knowingly wrote their reports not in a neutral manner consistent with the administration of justice and due process, but in a non-neutral manner antithetical to the administration of justice and due process, and with the intent and in a manner most likely to produce a finding a probable cause and subsequent conviction, and knowingly and willfully slanted the facts to produce their desired results at the cost of the fair and impartial administration of justice.  Upon information and belief, they did so knowing that these actions were inconsistent with the fair administration of justice and consistent only with a prosecutorial version of events.  In the totality of the circumstances, their knowing, willful, and intentional misleading statements violated the Fifth Amendment's provision providing for due process of law.

20. Subsequently Fox pled guilty to a single count of fleeing a police officer on foot. All other charges were subsequently dropped by the State.

## COUNT ONE

## VIOLATION OF 42 U.S.C. 1983 (EXCESSIVE FORCE )

21. Fox re-alleges paragraphs 1-20 as if fully set forth herein and further states:

22. Defendants violated Fox's clearly established rights by using excessive and unreasonable force against Fox, an unarmed civilian who was not a legitimate suspect of any criminal activity. The above-alleged actions constitute an unreasonable search and seizure,

in violation of the Fourth Amendment to the Constitution of the United States.

23. As a direct and proximate result of the Defendants' illegal actions, Fox suffered immediate and lasting pain and suffering, including swelling and bleeding on his head, face, side, hip, and leg, and multiple Taser prong punctures to his body. As a direct and proximate result of Defendants' illegal actions, Fox suffered past and future mental anguish and humiliation, as well as pecuniary loss.

24. As a direct and proximate result of the Defendants' illegal actions, Fox suffered immediate and lasting mental anguish and has been diagnosed with Post Traumatic Stress Disorder;

25. Fox demands and is entitled to relief as set forth below.

## COUNT TWO

### VIOLATION OF 42 U.S.C. 1983 (UNREASONABLE SEIZURE)

26. Fox re-alleges paragraphs 1-23 as if fully set forth herein and further states:

27. Defendants violated Fox's clearly established rights by using unreasonable force in arresting Fox. These actions of defendants constitute an unreasonable search and seizure in violation of the Fourth Amendment of the Constitution of the United States.

28. As a direct and proximate result of defendants' illegal actions, Fox has suffered loss of his liberty, as well as past and future pain and suffering, physical discomfort, mental anguish, humiliation, and pecuniary loss of liberty.

## COUNT THREE

### VIOLATION OF 42 U.S.C. 1983 (VIOLATION OF DUE PROCESS OF LAW)

29. Fox re-alleges paragraphs 1-27 as if fully set forth herein and further states:

30. Defendants violated Fox's clearly established rights by willfully, knowingly, and deliberately slanting their reports regarding the arrest of Fox in a manner which they knew was neither neutral nor fair.  They knowingly and intentionally omitted material facts in a biased attempt to secure a conviction and to make their unreasonable actions seem reasonable.  The totality of the actions of defendants constitute a violation of the Fifth Amendment Due Process Clause of the Constitution of the United States.

31. As a direct and proximate result of defendants' illegal actions, Fox has suffered the added expense of exposing these falsehoods, additional time and pecuniary cost to resolve his criminal case, pecuniary loss of his liberty, as well as past and future pain and suffering, mental anguish, humiliation, and pecuniary loss of liberty.

### COUNT IV (ASSAULT)

32.     Fox re-alleges paragraphs 1-31 as if fully set forth herein and further states:

33.     Under the totality of the circumstances, the continued use of unreasonable force on Fox after he had been subdued constitutes assault under state law.

34.     As a direct and proximate result of the individual defendants' illegal actions, Fox has suffered past and future pain and suffering, and mental anguish.

35.     Fox demands and is entitled to relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Cole Fox prays for judgment against Defendants as follows:

1. Awarding Fox compensatory damages in the form of a money judgment against all defendants defendants in an amount in to be determined at trial;

2. Awarding Fox punitive damages against the individual defendants in the form of a money judgment in amount in excess of $500,000, available as a matter of right under federal common law, *Smith v. Wade*, 46l U.S. 30 (1983);

3. Awarding Fox punitive damages against the governmental defendants (police department and city) in the form of a money judgment in amount in excess of $500,000.

4. Awarding Fox all of his costs and disbursements, including reasonable attorney's fees, and prejudgment interest, as allowed by law, including but not limited to 42 U.S.C. § 1988; and

5. Granting such other relief as the Court may deem just and equitable.

ATTORNEY FOR PLAINTIFF

MARK A. HUBBLE (262584)
55 E. FIFTH STREET, SUITE #1220
ST. PAUL, MN 55101
markahubble@gmail.com
641.481.1270